UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
LAWRENCE GREEN,

        Plaintiff,              **MEMORANDUM AND ORDER**
                                         19-CV-1494 (KAM)
       -against-

FREDERICK M. MAURIN,

        Defendant.
----------------------------------x

**MATSUMOTO, United States District Judge**:

       On March 11, 2019, plaintiff Lawrence Green filed this *pro se* action pursuant to 28 U.S.C. § 1331, invoking the court's federal question jurisdiction. By memorandum and order dated September 4, 2019, the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. The court granted plaintiff thirty days leave to amend the complaint. On September 26, 2019, in lieu of filing an amended complaint, as directed by the court, plaintiff filed a three-page letter. (*See* ECF No. 15.)[1] The court will liberally construe plaintiff's submission as his amended complaint. For the reasons set forth below, plaintiff's amended complaint is dismissed.

---

[1] Plaintiff's letter was dated September 20, 2019, and filed on the docket on September 26.

1

**BACKGROUND**

Plaintiff's amended complaint is difficult to construe. Plaintiff states that the action is brought against Frederick M. Maurin, Assistant Deputy Commissioner of the Social Security Administration. The amended complaint purports to list the birth dates of defendant, as well as the undersigned, and Magistrate Judge Gold. Plaintiff then states his apparent grievance: an attorney for the Social Security Administration who was assigned to one of his prior actions died five years ago and defendant failed to inform the court of the attorney's passing. This omission, plaintiff seems to assert, constituted perjury, obstruction of justice, and "aiding and abetting of a dead lawyer." Plaintiff also appears to allege fraud in connection with his prior action, *Green v. Commissioner*, No. 14-cv-5489, wherein the court granted defendant's motion for judgment on the pleadings. (*See* No. 14-cv-5489, ECF Nos. 82, 83.) Plaintiff seeks $1000 billion dollars in damages.

**STANDARD OF REVIEW**

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Perjury is generally understood as "the voluntary violation of an oath or vow either by swearing to what is untrue or by omission to do what has been promised under oath." *Hayashi v. Ozawa*, No. 17-CV-2558 (AJN), 2019 WL 1409389, at *4 (S.D.N.Y. Mar. 28, 2019) (quoting Merriam-Webster Online Dictionary (March 26, 2019), https://www.merriam-webster.com/dictionary/perjury); *see also* 18 U.S.C. § 1623 ("Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined under this title or imprisoned not more than five years, or both."). Obstruction of justice is generally understood as "willfully obstruct[ing] or imped[ing], or attempt[ing] to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing" of a primary offense. *See* Fed. Sent. L. & Prac. § 3C1.1 (2019 ed.).

**DISCUSSION**

Plaintiff's amended complaint fails to state a plausible claim for relief. The Court's September 9, 2019, Order advised plaintiff that any amended complaint he elected to file must plead sufficient facts to allege a violation of his constitutional or federal rights, name individuals who have personal involvement in the allegations he claims, and comply with Rule 8(a) of the Federal Rules of Civil Procedure. The amended complaint does not comply with the court's order and fails to set forth *prima facie* claims. As to plaintiff's perjury claim, the amended complaint does not allege that defendant was under oath when he purportedly omitted the fact that defendant's assigned attorney had passed away, nor has plaintiff articulated any civil remedy that would entitle him to seek redress for defendant's alleged perjury. Similarly, plaintiff does not allege that defendant intentionally obstructed or attempted to obstruct a proceeding. Lastly, the court is unaware of any statute or common law claim akin to "aiding and abetting of a dead lawyer."

Even construed liberally, the court cannot decipher a claim from plaintiff's amended complaint or glean any facts which could support a cognizable cause of action. Therefore, any attempt by plaintiff to further amend the complaint would be futile. *See Ashmore v. Prus,* 510 F. App'x 47, 49 (2d Cir. 2013)

4

(leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

### Conclusion

Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to enter judgment dismissing the amended complaint and to serve plaintiff with a copy of this Memorandum and Order, and the Judgment, and note service on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:    November 12, 2019
          Brooklyn, New York

                                        /s/
                              Hon. Kiyo A. Matsumoto
                              United States District Judge